# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

RICKY L. BYSE,            )
                          )
    Petitioner,     )
                          )
v.                        )     Case No. CV411-211
                          )
STATE OF GEORGIA          )
                          )
    Respondent.     )

## REPORT AND RECOMMENDATION

On probation for a December 6, 2004 sex-crime conviction, doc. 1 at 4, Ricky L. Byse petitions this Court for 28 U.S.C. § 2254 relief. Doc. 1. Finding him indigent, the Court grants his motion for leave to proceed *in forma pauperis*. Doc. 2. Upon preliminary review under 28 US.C. § 2254 Rule 4 and 28 U.S.C. § 2243, the Court concludes that his petition is barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations, so it must be dismissed.[1]

---

[1] The attached Department of Corrections print-out shows that he was released from prison on September 19, 2008. Yet, he credibly claims that he received a 15-year sentence and that he is on probation. Doc. 1 at 1, 4. The DOC record shows he committed aggravated battery and statutory rape on September 13, 2003 and received a 15-year sentence. He also committed an aggravated battery and possessed cocaine on September 12, 2007. The general rule is that federal habeas courts have

Byse says he pled guilty to the 2003 crimes but took no appeal. Doc. 1 at 4. He filed an unsuccessful state habeas petition on December 1, 2010 and exhausted his appeal of it on June 13, 2011. *Id.* at 4-5. When he litigated his state habeas petition, § 2244(d)(1)'s one-year limit had already been reached. "A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000). And, he raises no equitable tolling exception. *See Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549 (2010). Hence, his petition is time-barred.

---

jurisdiction to entertain a § 2254 petition only if the petitioner is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S .C. § 2254(a). The "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 1925 (1989). Generally, if the petitioner's state *sentence* has fully expired, he does not meet the "in custody" requirement. *Id.* at 492, 109 S.Ct. at 1926.

*Green v. Price*, 2011 WL 3279196 at * 3 (11th Cir. Aug. 1, 2011) (emphasis added). Because Byse's 15-year sentence remains unexpired, he is in custody (even if out on probation), *Birdsell v. Ala.*, 834 F.2d 920 (11th Cir. 1987); *Duvallon v. Florida*, 691 F.2d 483, 484-85 (11th Cir. 1982) ("in custody" requirement may be met where petitioner is on probation, parole or bail), and this Court thus has jurisdiction to entertain his petition.

Accordingly, the Court **GRANTS** Ricky L. Byse 's motion for leave to proceed *in forma pauperis*, doc. 2, but his § 2254 petition must be **DISMISSED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 22nd day of August, 2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA



PHYSICAL DESCRIPTION
YOB: 1963
RACE: BLACK
GENDER: MALE
HEIGHT: 5'10"
WEIGHT: 185
EYE COLOR: BROWN
HAIR COLOR: BLACK

SCARS, MARKS, TATTOOS

INCARCERATION DETAILS
MAJOR OFFENSE: AGGRAV BATTERY
MOST RECENT INSTITUTION: DODGE STATE PRISON
MAX POSSIBLE RELEASE DATE: 09/19/2008 Important Release Information
TENTATIVE PAROLE MONTH: N/A
ACTUAL RELEASE DATE: 09/19/2008
CURRENT STATUS: INACTIVE

KNOWN ALIASES
A.K.A. BYSE,RICKEY LAMAR
A.K.A. BYSE,RICKY L
A.K.A. BYSE,RICKY LAMAR

STATE OF GEORGIA - CURRENT SENTENCES
CASE NO: 649357
OFFENSE: POSS OF COCAINE
CONVICTION COUNTY: CHATHAM COUNTY
CRIME COMMIT DATE: 09/12/2007
SENTENCE LENGTH: 1 YEARS, 0 MONTHS, 0 DAYS
CASE NO: 649357
OFFENSE: FALSE STATEMENTS GOVT

| | |
|---|---|
| CONVICTION COUNTY: | CHATHAM COUNTY |
| CRIME COMMIT DATE: | 09/12/2007 |
| SENTENCE LENGTH: | 1 YEARS, 0 MONTHS, 0 DAYS |
| **CASE NO: 649357** | |
| OFFENSE: | AGGRAV BATTERY |
| CONVICTION COUNTY: | CHATHAM COUNTY |
| CRIME COMMIT DATE: | 09/13/2003 |
| SENTENCE LENGTH: | 15 YEARS, 0 MONTHS, 0 DAYS |
| **CASE NO: 649357** | |
| OFFENSE: | STATUTORY RAPE |
| CONVICTION COUNTY: | CHATHAM COUNTY |
| CRIME COMMIT DATE: | N/A |
| SENTENCE LENGTH: | 10 YEARS, 0 MONTHS, 0 DAYS |

STATE OF GEORGIA - PRIOR SENTENCES

| | |
|---|---|
| **CASE NO: 566581** | |
| OFFENSE: | AGGRAV BATTERY |
| CONVICTION COUNTY: | CHATHAM COUNTY |
| CRIME COMMIT DATE: | 09/13/2003 |
| SENTENCE LENGTH: | 15 YEARS, 0 MONTHS, 0 DAYS |
| **CASE NO: 566581** | |
| OFFENSE: | STATUTORY RAPE |
| CONVICTION COUNTY: | CHATHAM COUNTY |
| CRIME COMMIT DATE: | N/A |
| SENTENCE LENGTH: | 10 YEARS, 0 MONTHS, 0 DAYS |
| **CASE NO: 473294** | |
| OFFENSE: | STATUTORY RAPE |
| CONVICTION COUNTY: | CHATHAM COUNTY |
| CRIME COMMIT DATE: | N/A |
| SENTENCE LENGTH: | 10 YEARS, 0 MONTHS, 0 DAYS |

STATE OF GEORGIA - INCARCERATION HISTORY

| INCARCERATION BEGIN | INCARCERATION END |
|---|---|
| 01/29/2008 | 09/19/2008 |
| 01/20/2005 | 09/12/2005 |
| 07/17/2001 | 09/17/2002 |

Site Map
Privacy
Links
Contact Us
Help